# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOHN DAVID KUEHNE, JR., | : | |
| Petitioner, | : | Case No. 3:10cv379 |
| | | Case No. 3:03cr063-1 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| UNITED STATES OF AMERICA, | : | Magistrate Judge Sharon L. Ovington |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.

At the conclusion of John David Kuehne, Jr.'s federal criminal trial, a jury found him guilty of several federal firearm-related offenses. He is serving his resulting sentence in the United States Penitentiary in Coleman, Florida.

Kuehne, represented by counsel, previously challenged his convictions on direct appeal to the United States Court of Appeals for the Sixth Circuit. The Court of Appeals found no merit in his challenges and affirmed his convictions. *United States v. Kuehne*, 547 F.3d 667 (6th Cir. 2008).

Kuenhe then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

U.S.C. §2255. In August 2010, the undersigned Judicial Officer issued a Report recommending that Kuehne's §2255 motion be denied. (Doc. #353). Kuehne filed objections. (Doc. #362).

On November 14, 2011, U.S. District Judge Thomas M. Rose – having conducted a de novo review – issued an Entry and Order (1) overruling Kuehne's objections to the Report and Recommendations, (2) adopting the Report and Recommendations in full, and (3) denying Kuehne's Motion to Vacate, Set Aside, or Correct Sentence. *See* Doc. Nos. 363, 364. The resulting Judgment also issued on November 14, 2011.

This case is presently before the Court upon Kuehne's Urgent Omnibus Motion for Stay (Doc. #366), his Motion for Reconsideration, Alteration, or Amendment of Order/Judgment under Fed. R. Civ. P. 59(e) (Doc. No. 367), his Request for Inquiry as to Status of Rule 59(e) Motion (Doc. No. 369), and the record as a whole.

Before addressing Kuehne's Rule 59 motion on the merits, issues of timeliness and his requests for extensions of time percolate through his Urgent Omnibus Motion for Stay.

## II.

Beginning on November 1, 2011, according to Kuehne (and his supporting materials), USP Coleman was on lockdown. The lockdown lasted until December 15, 2011. The lockdown prevented Kuehne from gaining access to his legal materials, and he worried over whether he would be able to timely file his motions under Rules 59(e) and 60(b), and his Notice of Appeal. He consequently filed his Urgent Omnibus Motion

seeking a stay and an extension of time to file his motions and Notice of Appeal.

Beginning with his Rule 59 motion, neither a stay nor an extension is warranted because he has filed his Rule 59 motion in a timely manner. Under Fed. R. Civ. P. Rule 59(e), Kuehne was required to file his "motion to alter or amend . . . judgment . . . no later than 28 days after the entry of the judgment." The judgment concerning the denial of Kuehne's §2255 Motion was entered on November 14, 2011. He consequently had to file his Rule 59 motion no later than December 12, 2011. He accomplished this – under the prison mail rule – by placing his Motion into the institution's internal mailing system on December 12, 2011. *See* Doc. No. 367, PageID at 4106; *see Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *see Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002); *United States v. Moore*, 56 Fed.Appx. 686 (6th Cir. 2003). His Rule 59 motion is therefore timely, and he needs no extension of the filing deadline.[2]

Kuehne's motion to extend the deadline for filing a Rule 60(b) motion is premature because it appears that UPI Coleman in no longer in lockdown and sufficient time remains for him to prepare and file a timely Rule 60(b) motion. *See* Fed. R. Civ. P. 60(c).

Kuehne's Omnibus Motion also asks for an order staying the 60-day period for filing his notice of appeal and his application for a certificate of appealability. "The notice of appeal may be filed by any party within 60 days after entry of the judgment or

---

[2] If, hypothetically, Kuenhe needed an extension, he would face a problem: "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2).

order appealed from if one of the parties is: (i) the United States . . . ." Fed. R. App. P. 4(a)(1)(B). Again, Kuehne's Motion is premature, the 60-day period is stayed by his filing a timely Rule 59 motion. "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (iv) to alter or amend under Rule 59 . . . ." Fed. R. App. P. 4(a)(4)(A).

Accordingly, Kuehne's Urgent Omnibus Motion lacks merit.

### III.

Turning to Kuehne's Rule 59 motion, he contends that the "Court committed profound errors both in adopting the Report and Recommendation . . . in its entirety, and overlooking or misapprehending facts that were established of record and legal matters present to it." (Doc. No. 367, PageID at 4100). In support of this main contention, he argues that the Court overlooked the following "factual and legal matters."

1. "Fundamental Principles of Due Process Have Been Violated to Procure the R&R (DR. 362 at pp.20-25). . . ."

\* \* \*

2. "Rule 15 inapplicable, based on facts of case; alternatively, Rule 15(a)(1)(B) [is] applicable (DR. 362 at pp. 26-29). . . ."

\* \* \*

3. "Availability of Equitable Tolling (DR. 362 at pp. 43-47). . . ."

\* \* \*

4

4. "'Ground Six' (DR. 362 at pp. 58-62): The Court failed to address two of the three issues raised within Ground Six in their entirety. . . ."

(Doc. #367, PageID at 4100-02). Kuehne further contends that the Court misapprehended or erred in ruling on seven "factual and legal matters."

1. "Timeliness of . . . Reply" (DR. 362 at pp. 19-20). . . .

    * * *

2. "Ground Two" (DR. 362 at pp. 48-53): For the sake of brevity, Kuehne adopts and incorporates here the arguments submitted in his Memorandum in Support of his Objections to the R&R. . . .

    * * *

3. "Ground Three" (DR. 362 at pp. 53-55): For the sake of brevity, Kuehne adopts and incorporates here the arguments submitted in his Memorandum in Support of his Objections to the R&R. . . .

    * * *

4. "Ground Four" (DR. 362 at pp. 55-57): For the sake of brevity, Kuehne adopts and incorporates here the arguments submitted in his Memorandum in Support of his Objections to the R&R. . . .

    * * *

5. "Ground Five (DR. 362 at p. 57): For the sake of brevity, Kuehne adopts and incorporates here the arguments submitted in his Memorandum in Support of his Objections to the R&R. . . .

    * * *

6. "Ground Six" (DR. 362 at pp. 58-62): For the sake of brevity, Kuehne adopts and incorporates here the arguments submitted in his Memorandum in Support of his Objections to the R&R. . . .

    * * *

> 7. "Ground Seven" (DR. 362 at pp. 62-63): For the sake of brevity, Kuehne adopts and incorporates here the arguments submitted in his Memorandum in Support of his Objections to the R&R. . . .

(Doc. No. 367, PageID at 4103-05).

"The purpose of Rule 59 . . . is to allow the district court to correct its own errors." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (citation omitted). Rule 59 does not permit a party to raise new arguments that could have been raised before judgment. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). "In other words, 'Rule 59 . . . allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Hough v. Carlton*, 339 Fed.Appx. 520, 525 (6th Cir. 2009) (quoting *Howard*, 533 at 475; other citation omitted).

To obtain an alteration or amendment of the Judgment previously entered against him, Kuehne must show: "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Kuehne's contentions do not establish that the Court committed a clear error of law. Although he asserts that the Court has failed to consider and discuss the arguments he raises in his Rule 59 motion, he overlooks or minimizes the substance of the Court's order. (Doc. No. 363). The Entry and Order explained, "The District Judge has . . . made a de novo review of the record in this case, including Kuehne's seven-page Objection and sixty-seven page Memorandum In Support thereof, pursuant to 28 U.S.C. §636(b) and

6

Fed.R.Civ.P. 72(b). . . ." (Doc. No. 363, PageID at 4084). Consequently, although Kuenhe presses forward once again with his many asserted errors, he has failed to show any clear error in the District Judge's rejection of his objections or in the District Judge's de novo review. *Cf. Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 49-50 (1st Cir. 1995) ("Elmendorf has called no authority to our attention holding that, in order to demonstrate compliance with [28 U.S.C.] § 636's de novo review requirement, a district court must make findings and rulings of its own rather than adopting those of the magistrate judge."); *cf. also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986)("The statement of the district court in this case satisfies us that the requirement of a de novo review is met. No further articulation was required." (internal citation omitted)); *Gonzales v. Wolfe*, 290 Fed.Appx. 799, 814 (6th Cir. 2008)("the district court fulfilled its statutory duty by conducting its own independent review of the filings and considering Gonzales' objections de novo."); *Kinard v. Stark*, 22 Fed.Appx. 365, 367 (6th Cir. 2001)("The mere statement in the opinion and order that the district court had conducted a de novo review satisfies the standard of a de novo review under 28 U.S.C. §636(b)(1).")

Additionally, to the extent Kuehne is attempting to re-argue contentions he previously raised in this case, Rule 59(e) affords him no relief, particularly where he has not shown the occurrence of a clear error. *See Hough*, 339 Fed.Appx. at 525 (quoting *Howard*, 533 at 475). He likewise has not presented newly discovered evidence; he does not rely on an intervening change in controlling law; and he has not shown a need to prevent manifest injustice. His Rule 59(b) motion therefore lacks merit.

7

**IT IS THEREFORE RECOMMENDED THAT:**

1. Kuehne's Urgent Omnibus Motion (Doc. No. 366) be denied;

2. Kuehne's Motion for Reconsideration, Alteration, or Amendment of Order/Judgment (Doc. #367) be denied; and

3. Kuehne's Request for Inquiry as to Status of Rule 59(e) Motion (Doc. No. 369) be denied as moot because this Report and Recommendations effectively updates him on the status of his Rule 59(e) Motion.


March 2, 2012

                   s/Sharon L. Ovington
                   Sharon L. Ovington
                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).