# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOHN DAVID KUEHNE, JR., | : | |
| Defendant/Petitioner, | : | Case No. 3:10cv379 |
| | | Case No. 3:03cr063-1 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| UNITED STATES OF AMERICA, | : | Magistrate Judge Sharon L. Ovington |
| Plaintiff/Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

Rule 60(b) of the Federal Rules of Civil Procedure lists various possible grounds to relieve a party from an adverse Judgment, including (in part) mistake, inadvertence, fraud, newly discovered evidence, void judgment, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(4), (6). This case is presently pending upon Defendant John David Kuehne, Jr.'s *pro se* Motion for Relief From Judgment (Doc. #395) under Rule 60(b). He seeks relief from the Judgment denying his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. *See* Doc. #s 363, 364.

Kuehne faces a threshold issue: Whether his Rule 60(b) Motion constitutes a second or successive §2255 Motion. If it does, he must first obtain authorization from a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

panel of the United States Court of Appeals for the Sixth Circuit before he can proceed in this Court. 28 U.S.C. §2255(b)(3)(A). Facing this possibility head-on, Kuehne argues that his present motion "attacks the integrity of the §2255 proceeding" and is therefore a "'true' 60(b) claim that may be adjudicated in this Court." (Doc. #395, PageID at 4254).

A Rule 60(b) motion can, under certain circumstances, constitute a second or successive §2255 Motion. "[A] Rule 60(b) motion should be considered a § 2255 motion ... 'if it attacks the federal court's previous resolution of a claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'" *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (footnote omitted) (emphasis in, and quoting, in part, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). But a Rule 60(b) motion that attacks "some defect in the integrity of the ..." §2255 proceedings is not an attack on the merits and, therefore, is not a second or successive §2255 motion." *Gonzalez*, 545 U.S. at 532.

The first claim in Kuehne's Rule 60(b) Motion attempts to establish a due-process defect in the integrity of his previous §2255 proceedings and asks the Court to reopen those proceedings for the purpose of providing him with due process.[2] *See* Doc. #395, PageID at 4263-69. According to Kuehne, this Court's decisions – especially the denial of his Motion to Modify Scheduling Order – prevented him from obtaining materials in

---

[2] Kuehne notes that he intends all his subsequent claims in his Rule 60(b) Motion to adopt the integrity-based arguments he raises in his first claim. *Id*., n.6.

2

support of his §2255 Motion before the Government filed its Answer.  Kuehne maintains that those materials would have enabled him "to carry his burden of establishing prejudice and deficient performance under Strickland v. Washington, 474 U.S. 52 (1985)..." and his other claims.  (Doc. #395, PageID at 4265).  By connecting a purported due-process defect with the denial of an opportunity to present materials, Kuehne's Rule 60(b) Motion challenges the integrity of those proceedings and is consequently the proper subject of a true Rule 60(b) Motion.  *See Gonzalez*, 545 U.S. at 532; *see, e.g., Wilson v. United States*, 287 Fed. Appx. 490, 493 (6th Cir. 2008).  This conclusion is bolstered by Kuehne's stated intent to adopt his due-process arguments in support of his additional claims (II through VII).  (Doc. #395, PageID at 4263 at n.6).  And, Kuehne's proposed relief in Claim I seeks to reopen his §2255 proceedings and permit him "to submit his supporting materials prior to the United States' Answer. *Id*., PageID at 4268-69.  He maintains that this procedure, plus a new briefing schedule, would provide him with due process during a reopened §2255 proceeding.

Regardless of whether or not Kuenhe's due-process arguments have merit, they point to a purported lack of integrity in his previous §2255 proceedings.  To this extent, therefore, it is not a disguised §2255 Motion, and it is proper to determine at this point in the case whether Kuehne is entitled to relief under Rule 60(b).

*  *  *

Before delving into the merits of Kuehne's Rule 60(b) Motion, he argues that his

3

Motion is timely because he exercised due diligence in filing it, and any delay in filing was caused by the Court's alleged failure to serve him with timely notice of the Order docketed on December 4, 2012, which denied his request for a certificate of appealability. (Doc. #390). Plaintiff alleges that the Court did not serve him with a copy of that Order until June 25, 2013, and he argues that he filed his Rule 60(b) Motion within a year of that date. (Doc. #395, PageID at 4257-61).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of final judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." *In re G.A.D., Inc.,* 340 F.3d 331, 334 (6th Cir. 2003).

Kuehne filed his Rule 60(b) Motion on July 8, 2014, slightly more than two and one-half years from the date of the Judgment (November 14, 2011, doc. #364) effectively denying his §2255 Motion. He is therefore time barred from proceeding under Rule 60(b)(1), (2), or (3), regardless of the circumstances. *See In re G.A.D., Inc.,* 340 F.3d at 334.

Kuehne's Rule 60(b) Motion, to the extent it arises under Rule 60(b)(4), (5), or (6) is untimely because he did not exercise due diligence in filing it. His untimeliness is seen in that he filed his Rule 60(b) Motion on July 8, 2014, more than two and one-half years after Judgment was entered against him on November 14, 2011 (Doc. #364); more than

4

two years after the date the Court denied his Rule 59(e) Motion for Reconsideration on April 25, 2012 (Doc. #377); and more than two years after the Court denied his Motion to for Leave to File Supplement to Rule 59(e) Motion on May 30, 2012 (Doc. #381).  The litigation activities he engaged in after this Court entered Judgment denying his §2255 Motion or after the Court denied his Rule 59(e) Motion and Motion to Supplement do not explain why he could not have filed his Rule 60(b) Motion well before he filed it on July 14, 2014.

Contrary to Kuehne's argument, the alleged delay in serving him with a copy of this Court's Order docketed on December 4, 2012 (Doc. #390), which denied his application for a certificate of appealability, does not rescue him from the untimeliness of his Rule 60(b) Motion.  Assuming in his favor that the delay occurred as he alleges – from December 4, 2012 until June 25, 2013 – nothing in the plain language of Rule 60 required him to delay filing his Rule 60(b) Motion in this Court until he was denied a certificate of appealability or until the time he did actually file it after his appellate proceedings concluded.  Instead, if he had used the proper procedure that was available to him, he could have filed his Rule 60(b) Motion in this Court well before he did, even during the time his appeal was pending in the Court of Appeals.  Indeed, the Court of Appeals has explained:

> [W]here a party wishes to file a Rule 60(b) motion but already has an appeal pending in this court, "the proper procedure is for him to file his motion in the District Court.  If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand

5

of the case in order that the District Court may grant the motion ...."
*Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005) (quoting *First Nat'l Bank of Salem, Ohio v. Hirsh*, 535 F.3d 343, 346 (6th Cir. 1976)). Given this procedure, and accepting in Kuehne's favor that he did not receive this Court's December 4, 2012 Order (Doc. #390) until June 25, 2013, his lengthy and unreasonable delay in filing his Rule 60(b) Motion was not caused by this Court or the Court of Appeals.

Kuehne also points out that he filed his Rule 60(b) Motion less than 60 days after the Court of Appeals notified him that his appeal was closed. Again, this does not explain why he could not have filed his Rule 60(b) Motion in this Court much sooner than he did, given the procedure available to him to present his Motion to this Court. *See Post,* 422 F.3d at 422.

Turning to Kuehne's attempt to invoke equitable relief as grounds for tolling Rule 60(b)'s time limitations, he does not allege circumstances showing that his failure to timely file his Rule 60(b) Motion arose from circumstances beyond his control. As a result equitable estoppel does not apply. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000)*; see also Beard v. United States*, 2:11cv823, 2014 WL 4659641 (S.D. Ohio Sept. 16, 2014) (Deavers, M.J.), R&R adopted, 2:09cr33, Doc. #124 (Frost, D.J.).

Kuehne argues the circumstances compel equitable relief under Rule 60(b) because (1) his §2255 Motion demonstrated that his convictions and consecutive sentences lack a

legitimate factual or legal basis, and (2) his §2255 Motion demonstrated that he was denied his right to make knowing and intelligent plea decisions. These arguments constitute challenges to the Court's previous denial of his §2255 Motion. As such, these arguments may not be addressed by this Court unless Kuehne first obtains a certificate from the Court of Appeals authorizing him to proceed with a second or successive §2255 Motion. *See In re Nailor*, 487 F.3d at 1022.

Accordingly, Kuehne did not file his Rule 60(b) Motion within a reasonable time after the Court entered the Judgment denying his §2255 Motion or after the Court denied his Rule 59(e) Motion and Motion to Supplement, and he is not entitled to equitable tolling. His Rule 60(b) Motion is therefore untimely.

\* \* \*

Alternatively, turning to the merits of Kuehne's Rule 60(b) Motion, he contends that the §2255 proceedings lacked integrity by violating the "[f]undamental principles of procedural and substantive due process ...." (Doc. #395, PageID at 4263). This occurred, he argues, due to eight actions taken by this Court that prevented him from obtaining materials in support of his §2255 Motion before the Government filed its Answer. Kuehne maintains that those materials would have enabled him "to carry his burden of establishing prejudice and deficient performance under Strickland v. Washington, 474 U.S. 52 (1985)...," and in his effort to support his other claims. (Doc. #395, PageID at 4265). He asserts, moreover, that he was required in his Reply to rebut the Government's

7

assertions of various issues (*e.g.*, procedural default, statute-of-limitations bar, etc.) without the opportunity to access and submit supporting materials. (Doc. #395, PageID at 4263-66). He continues, "These high hurdles would not have been imposed upon [him] had the Court timely acknowledged and addressed his pro se Motion for Modification of Scheduling Order [Doc. #331] and/or provided him the opportunity to access and submit all supporting materials." (Doc. #395, PageID at 4266).

"'Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 468 (6th Cir.2007)). "Relief is limited to 'unusual and extreme situations where principles of equity *mandate* relief.'

Keuhne appears to bring his Motion under Rule 60(b)(6) by arguing, "There could be no clearer case than the present one in which a pro se petitioner, facing extraordinary circumstances, recognized his obligations and diligently sought time in which to comply therewith...." *Id*. PageID at 4268. "'The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *McGuire*, 738 F.3d

at 750 (citations omitted).

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting, in part, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

Kuehne's contentions fall under the theory that the Court denied him an opportunity to be heard. This occurred, he argues, when the Court denied his Motion to Modify Scheduling Order, then (one month later) denied his §2255 Motion "based on the same exact procedural defects and legal barriers posed by the initial absence of supporting materials." (Doc. #395, PageID at 4267). Kuehne's Rule 60(b) Motion fails to specify what supporting materials would have supported his §2255 Motion. He instead generally refers to "supporting facts, arguments, affidavits and Exhibits." (Doc. #395, PageID at 4263). Examining his Motion for Modification of Scheduling Order, he asked the Court "to provide him with the opportunity to submit supporting facts, affidavits and exhibits relevant to the six claims raised in this §2255 proceeding." (Doc. #331, PageID at 3727). The Court previously rejected these contentions, which Kuehne raised in his Objections to the undersigned Order denying his Motion to Modify Scheduling Order. *See* Doc. #s 350, 355, 357). And without more specificity, he has not shown in his Rule 60(b) Motion that exceptional or extraordinary circumstances support granting him equitable relief from the denial of his §2255 Motion. For these reasons, Kuehne's reliance on the denial of these

materials before the Government filed its answer likewise fails to show that equitable relief is warranted under Rule 60(b).

Lastly, Kuehne maintains that the similar situation in *Armstrong v. Manzo*, 380 U.S. 545 (1965) is instructive here. In support, he quotes the following:

> A fundamental requirement of due process is 'the opportunity to be heard.' Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783. It is an opportunity which must be granted at a meaningful time and in a meaningful manner. The trial court could have fully accorded this right to the petitioner only by granting his motion to set aside the decree and consider the case anew. Only that would have wiped the slate clean. Only that would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place. His motion should have been granted.

*Armstrong*, 380 U.S. at 552. Kuehne's reliance on this passage does not assist him in showing a due-process violation, because *Armstrong* involved a distinctly different case – a due-process violation during a child-adoption case – than Kuehne's §2255 proceedings. The Due Process Clause requires process and opportunity for hearing that is "appropriate to the nature of the case.'" *Loudermill*, 470 U.S. at 542. In this case, Kuehne had a reasonable opportunity to present, and identify the substance of, the facts, affidavits, arguments, and Exhibits that supported his §2255 Motion, his Reply, or his remaining numerous other Motions. He was therefore afforded a due process and an opportunity to be heard that was appropriate to his §2255 proceedings.

Accordingly, for all the above reasons, Kuehne Rule 60(b) Motion lacks merit.

\* \* \*

A certificate of appealability issues "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting in part *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

In the present case, the reasons set forth herein for denying Kuehne's Rule 60(b) Motion further show that reasonable jurists could not debate that his Motion should be decided differently or that the issues he raises are adequate to deserve encouragement to proceed further. *See Miller–El,* 537 U.S. at 336.

## IT IS THEREFORE RECOMMENDED THAT:

1. Kuehne's Motion for Relief From Judgment (Doc. #395) be DENIED;

2. Kuehne be denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal relative to a Decision and Entry that fully adopts this Report, if one should issue; and

3. The case remain terminated on the docket of this Court.

October 17, 2014

              s/Sharon L. Ovington
              Sharon L. Ovington
            Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).